# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN RED BALL INTERNATIONAL, INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07-211C |
| v. | ) | (Judge Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 7.1(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion to dismiss and in response to "Plaintiff's Response In Opposition To Defendant's Motion To Dismiss" (the "response").

In our opening brief, we established that the December 30, 1993 agreement (the "1993 exception agreement") upon which the plaintiffs' claim is based is not a contract, much less an executive agency procurement contract that would be subject to the Contract Disputes Act ("CDA"). We also argued that, if the 1993 exception agreement is a contract between the plaintiffs and the Government, the plaintiffs' complaint is beyond this Court's jurisdiction because it does not seek money damages presently due and owing, as required by the Tucker Act, or it fails to state a claim upon which relief can be granted because the plaintiffs' allegations demonstrate that the Government properly invoked the 1993 exception agreement's termination provision. Finally, we argued that, if the 1993 exception agreement is a CDA contract, this Court lacks jurisdiction over the plaintiffs' claim because they have not presented that claim to a contracting officer.

In their response, the plaintiffs argue that (1) the CDA provides a means for this Court to entertain nonmonetary claims that were decided by a contracting officer, response at 5-8; (2) the 1993 exception agreement is a contract because it is the mutual exchange of promises between the plaintiffs and the Government, id. at 8-20; and (3) the 1993 exception agreement is a CDA contract because it relates to contracts for the procurement of goods or services by an executive agency, id. at 20-24.

In their eagerness to rebut every argument we made in our motion, the plaintiffs defeat their own argument. They admit that their claim seeks no money damages and that the Court's ability to entertain their claim depends upon the classification of the 1993 exception agreement as a contract subject to the CDA. We do not disagree that the Tucker Act grants this Court jurisdiction to hear nonmonetary claims where they were finally decided in the first instance by a contracting officer in accordance with the provisions of the CDA. See 28 U.S.C. § 1491 (a)(2). However, the plaintiffs' claim is not one that involves a contract, much less a contract subject to the CDA where a contracting officer has issued a final decision upon the claim raised in the complaint.

As we established in our motion, the 1993 exception agreement is not a contract. The plaintiffs' arguments do not transform the Government's grant of a special exception to the Military Traffic Management Command's ("MTMC") Common Financial Ownership and Administrative Control ("CFAC") regulation into an arms-length transaction where each side gave up something in exchange for the receipt of something from the other party. The plaintiffs chose to reorganize and become corporate relations; it was this choice that disqualified them from participating in the International Through Government Bill Of Lading ("ITGBL") Personal

Property Program under the CFAC. When the Government agreed to make an exception to the CFAC to the plaintiffs, it gave them a special dispensation upon the condition that they refrained from engaging in any other corporate transactions that would change the relationships between the plaintiff corporations. The Government also reserved the unilateral right to terminate the agreement at any time. The 1993 exception agreement is not a contract.

Even assuming that the 1993 exception agreement is a contract, the plaintiffs' proffered rationale of how it is a contract demonstrates that it is not a CDA contract. In the response, the plaintiffs assert that the consideration they provided to the Government in exchange for the special exception to the CFAC was a promise to continue to operate separately and independently. Response at 11-12. A promise to continue to operate separately and independently is not property, services, the construction, alteration, repair or maintenance of real property; or a disposal of personal property. See 41 U.S.C. § 602(a) (describing the types of procurements that qualify as CDA contracts). The 1993 exception agreement does not allow for the procurement of services; it simply allows the plaintiffs an exception to the normal business rules of SDDC in order that they may continue to compete for transportation services in the same rate channel and same code of service in the International Program. Because the 1993 exception agreement is not a CDA contract, the statute granting this Court jurisdiction to review the contracting officers' final decisions upon claims under CDA contracts does not apply.[1] Rather,

[1] The plaintiffs' reliance upon Alliant Techsystems, Inc. v. United States, 178 F.3d 1260 (Fed. Cir. 1999), and CW Government Travel, Inc. v. United States, 63 Fed. Cl. 369 (2004), does not compel a different result. Both of those cases involved CDA contracts. See Alliant, 178 F.3d at 1263-64 (contract for demilitarizing bombs specifically stated that it was subject to the CDA); CW Travel, 63 Fed. Cl. at 370 (claim based upon "four competitively-awarded, long-term travel management contracts with the Department of the Army").

the Tucker Act's general grant of jurisdiction applies, and it requires the plaintiffs' claim to be for money presently due and owing. Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999); United States v. King, 395 U.S. 1, 3 (1969). The plaintiffs admit that their claim does not seek this; therefore, it should be dismissed.

## CONCLUSION

For these reasons, as well as those articulated in our original motion, we respectfully request the Court to dismiss the plaintiffs' complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

/s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
MAJ PATRICK L. GARY
Litigation Attorney
U.S. Army Litigation Division

August 23, 2007

**CERTIFICATE OF FILING**

I hereby certify that on August 23, 2007, a copy of the "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Devin A. Wolak
Devin A. Wolak